# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TRAVIS LANE,

    Plaintiff,

v.

OFFICER DANNY SALGADO AND THE CITY OF CHICAGO,

    Defendants.

No. 13 C 3764

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Travis Lane alleges that Officer Danny Salgado of the Chicago Police Department falsely arrested him in violation of the Fourth Amendment, among other related claims. R. 1. Defendants have already produced files of three closed investigations into misconduct complaints (known as Complaint Registries, or "CR files") made against Officer Salgado. One of the three complaints was sustained after investigation. The parties agree that certain information in the CR files is private (e.g., "personal identity information, such as home addresses, phone numbers, driver's license numbers, and social security numbers"), and should not be disclosed outside of the litigation. *See* R. 29-3 ¶ 2. They disagree over whether Lane should be allowed to disseminate information about Officer Salgado's conduct contained in these files to the public beyond use in this litigation. Lane has filed a motion to have a protective order entered permitting him to publicize certain

information about Officer Salgado's conduct contained in the CR files. R. 22.[1] For the following reasons, Lane's motion is denied.

Lane has not specified in what manner or for what purpose he would disseminate the CR files to the public. This is largely because, as Lane's counsel represented in open court on February 11, 2014, Lane has not yet seen the CR files. Defendants contend that Lane, a journalist with a community newspaper who has published articles about his encounter with Officer Salgado, *see* R. 25-1, would use the CR files in his column.[2] Lane admits that he has "more than a 'general public interest' in the CRs. . . . and has a particular interest in writing about police practices and curbing misconduct." R. 29 at 8.

Federal Rule of Civil Procedure 26(c)(1) permits the Court, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" that might arise during discovery. Lane first argues that Defendants cannot demonstrate good cause because they cannot make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements," that dissemination of the CR files "will result in a clearly defined and very serious injury." R. 29 at 3. Publication of misconduct claims and discipline would certainly damage Officer Salgado's reputation (especially with respect to the two complaints that were not sustained). The Supreme Court has held that

---

[1] Originally, Lane also sought various other orders regarding discovery in his motion. *See* R. 22. These requests are moot either because the Court has already addressed them, *see* R. 35; R. 39, or because the parties have come to agreement. *See* R. 29.

[2] *See* http://www.examiner.com/african-american-community-in-chicago/travles-lane (describing Lane as a "columnist") (last visited March 5, 2014).

2

"damage[e] to reputation" can be a sufficient basis for a court to issue a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984). Thus, to the extent that Lane is correct that Defendants must meet a "threshold burden" of establishing "potential harm," R. 29 at 3, Defendants have done so.

The question is then whether the potential harm to Officer Salgado outweighs "the importance of disclosure to the public." *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997); *see also Calhoun v. City of Chicago*, 273 F.R.D. 421, 422 (N.D. Ill. Apr. 8, 2011); *Rangel v. City of Chicago*, 2010 WL 3699991, at *1 (N.D. Ill. Sept. 13, 2010). In deciding whether to issue orders protecting police misconduct files from public dissemination, a number of courts in this district have held that "[t]he manner in which . . . allegations [of police misconduct] are investigated is a matter of significant public interest." *Wiggins*, 173 F.R.D. at 229; *see also Henry v. Centeno*, 2011 WL 3796749, at *5 (N.D. Ill. Aug. 23, 2011); *Rangel*, 2010 WL 3699991, at *4; *cf. Hutchins v. Clarke*, 661 F.3d 947, 955 (7th Cir. 2011) (in analyzing a claim under a Wisconsin privacy statute stating that "the public has a particularly strong interest in being informed about its public officials, especially in the case of law enforcement officers."). On the other hand, the Supreme Court has held that there is a "substantial interest" in ensuring that the discovery process is not "abuse[d]" such that it causes "damag[e] to reputation." *Seattle Times*, 467 U.S. at 35.

The Court finds that, in the context of the discovery stage of this litigation, the "substantial interest" in protecting a defendant police officer's reputation

3

outweighs the public's interest in learning how a municipal government investigates police misconduct claims. *See Calhoun*, 273 F.R.D. 421 (Gottschall, J.); *Brown v. City of Chicago*, 2011 WL 222840 (N.D. Ill. Jan. 24, 2011) (Shadur, J.); *Coffie v. City of Chicago*, 2006 WL 1069132 (N.D. Ill. Apr. 21, 2006) (Nolan, M.J.). This does not necessarily mean, however, that Lane will not have the opportunity to publicly file and thereby publicize information in the CR files at an appropriate time in the course of this litigation. On summary judgment or at trial, the Court will be required to address any evidence that is relevant to Lane's claims, and in that context, Lane may be permitted to expose that evidence to public scrutiny. Evidence that is necessarily part of the decision-making process almost always should be available to the public in order for the public to understand why a court or jury made a decision. But "there is a difference between the public's interest in evidence presented at a public trial and materials exchanged between the parties during the discovery process." *Coffie*, 2006 WL 1069132, at *2 (citing *Hobley v. Burge*, 225 F.R.D. 221, 224 (N.D. Ill. 2004)). "Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action." *Seattle Times*, 467 U.S. at 33. If Lane believes public disclosure of the CR files is necessary to the prosecution of his case, he should set forth why and seek leave before publicly filing any information contained in the CR files.[3]

---

[3] Defendants argue that a protective order is appropriate because the CR files constitute private information under the Illinois Freedom of Information Act ("IFOIA"). Courts in this district are split on whether this is a correct interpretation

**Conclusion**

Lane's motion for entry of a protective order that permits him to disseminate the information in the CR files about Salgado's conduct, R. 22, is denied. The parties shall submit a revised proposed protective order consistent with this ruling.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: March 5, 2014

---

of the statute. *Compare, e.g., Henry*, 2011 WL 3796749, at *5 (Gettleman, J.), with, *Brown*, 2011 WL 222840, at *2 (Shadur, J.). But it appears that courts in this district have come to agree that whether the IFOIA treats CR files as private information is not dispositive of the issue, but merely serves to inform a federal court's determination of whether a protective order is appropriate under Rule 26(c). In light of the Court's decision on Lane's motion, it is unnecessary to reach this issue.